IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROGRESSIVE SELECT INSURANCE
COMPANY, an Ohio corporation,

    Plaintiff,

v.

PATRICK JAY RAFFERTY and
STEPHANIE ALEXANDRA SIMICH,

    Defendants.
_____

CASE NO.: 6:19-cv-566-ORL-37TBS

## COMPLAINT FOR DECLARATORY JUDGMENT

PROGRESSIVE SELECT INSURANCE COMPANY ("PROGRESIVE"), an Ohio corporation, by and through its undersigned attorney, files this Complaint for Declaratory Judgment against Defendants, PATRICK JAY RAFFERTY ("RAFFERTY") and STEPHANIE ALEXANDRA SIMICH ("SIMICH"), and alleges as follows:

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

### PARTIES, JURISDICTION AND VENUE

2.     Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

3.     At all times material hereto, PROGRESSIVE was a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

4.     At all times material hereto, RAFFERTY was a citizen of the State of Florida and resided in Polk County, Florida.

5. At all times material hereto, SIMICH was a citizen of the State of Florida and resided in Polk County, Florida.

6. This court has subject matter over the instant action pursuan to 28 U.S.C. § 1332(a)(1), because diversity of citizenship exists as between PROGRESSIVE, on the one hand, and Defendants, on the other, and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because all defendants reside in this district, the insurance policy at issue was entered into in this district, and the events giving rise to the insurance claim at issue occurred in this district.

## THE PROGRESSIVE POLICY

8. PROGRESSIVE issued a Personal Automobile Insurance Policy, under Policy No. 75918486, to Donald L. Rafferty, for the policy period from August 8, 2017 to February 8, 2018 (the "Personal Auto Policy"), a copy of which is attached hereto as Exhibit "A", and incorporated by reference herein.

9. The Personal Auto Policy, in its Declarations Page, specifically reflects that it insures two vehicles, a 2009 Ford Focus and a 2013 Lincoln MKZ, and lists as "Drivers and resident relatives", Donald L. Rafferty and Christopher Rafferty.

10. The Personal Auto Policy provides, in pertinent part, as follows:

## GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

\*\*\*

5. "**Covered auto**" means:
   a. any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;
   b. any **additional auto**;
   c. any **replacement auto**; or

2

    d. a **trailer** owned by **you**.
6. **"Declarations page"** means the document showing **your** coverages, limits of liability, **covered autos**, premium, and other policy-related information. The **declarations page** may also be referred to as the Auto Insurance Coverage Summary.

***

9. **"Rated resident"** means a person residing in the same household as **you** at the time of the loss who is not a **relative**, but only if that person is both:
    a. listed in the "Drivers and household residents" section on the **declarations page**; and
    b. not designated as either an "Excluded" or "List Only" driver.
10. **"Relative"** means a person residing in the same household as **you**, and related to **you** by blood, marriage, or adoption, and includes a ward, step-child, or foster child. **Your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

***

13. **"We"**, **"us"**, and **"our"** mean the underwriting company providing the insurance, as shown on the **declarations page**.
14. **"You"** and **"your"** mean:
    a. a person shown as a named insured on the **declarations page**; and
    b. the spouse of a named insured if residing in the same household at the time of the loss.

### PART I - LIABILITY TO OTHERS

**INSURING AGREEMENT - BODILY INJURY**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** for which an **insured person** becomes legally responsible because of an accident.

***

**ADDITIONAL DEFINITION**

When used in this Part I:
**"Insured person"** means:
a. **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance, or use of an **auto** or **trailer**;
b. any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;
c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a or b above....

## THE ACCIDENT AND DAMAGES CLAIMED

11. On November 5, 2017, RAFFERTY was operating a 2015 Volkswagen Golf, VIN: 3VWC17AU3FM516974, owned by SIMICH, at or near World Drive and U.S. Highway 192, also known as State Road 530, when it left the roadway, entered into the grassy median area, and struck a sign support pole off the road of World Drive just north of the exit ramp of U.S. 192 (S.R. 530), which accident caused serious bodily injuries to SIMICH (the "Accident").

12. As a result, SIMICH has made a demand for settlement to PROGRESSIVE for damages under the Personal Auto Policy based on the alleged negligence of RAFFERTY.

## GROUNDS FOR DECLARATORY JUDGMENT

13. PROGRESSIVE contends that the Personal Auto Policy does not provide bodily injury liability coverage to RAFFERTY as a result of the injuries being claimed by SIMICH.

14. More specifically, PROGRESSIVE claims that on the date of the Accident, RAFFERTY resided with SIMICH at 11 Oak Park Loop, Davenport, Florida 33837, and that, therefore, he does not meet the definition of an "insured person" under the Personal Auto Policy issued to Donald L. Rafferty.

15. PROGRESSIVE, therefore, contends that it has no duty to indemnify RAFFERTY for any damages that have been claimed by SIMICH as a result of injuries sustained in the Accident and that, should a lawsuit be brought by SIMICH against RAFFERTY as a result of the Accident, it has no duty to defend RAFFERTY in that lawsuit.

16. There exists an actual, present and practical need for the declaration of coverage under the Personal Auto Policy, and the rights and obligations of PROGRESSIVE.

17. There exists a present, ascertained or ascertainable set of facts or present controversy as to a state of facts concerning the rights and obligations of PROGRESSIVE under the Personal Auto Policy.

18. The rights and obligations of PROGRESSIVE under the Personal Auto Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Personal Auto Policy.

19. PROGRESSIVE and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

20. All proper and present antagonistic interests are before the court by proper process.

21. PROGRESSIVE is in doubt with respect to its rights under the Personal Auto Policy and, by this Complaint, seeks a declaration of its rights and obligations under the Personal Auto Policy with respect to claims asserted against PROGRESSIVE.

22. Pursuant to the provisions of Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, this court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances.

WHEREFORE, PROGRESSIVE respectfully requests this Court to enter a declaratory judgment concerning the Personal Auto Policy and to declare the existence or non-existence of any immunity, power, privilege or right, or any other fact upon which the existence or non-existence of such immunity, power, privilege or right may depend, including the following:

1. The Personal Auto Policy does not provide bodily injury liability coverage to RAFFERTY as a result of the Accident;

2. That PROGRESSIVE has no duty to indemnify RAFFERTY for any damages being claimed by SIMICH;

3. That should a lawsuit be brought by SIMICH for her damages as a result of the Accident, that PROGRESSIVE has no duty to defend RAFFERTY in that lawsuit; and

4. Such other relief as this Court may deem just and proper.

DATED: March 20, 2019.

Respectfully submitted,

/s/
Stuart J. Freeman, Esquire
Florida Bar No. 237493
FREEMAN, GOLDIS & CASH, P.A.
2553 First Avenue North
Post Office Box 12349
St. Petersburg, Florida 33733-2349
Phone: (727) 327-2258
Fax:   (727) 321-2497
stuart.freeman@fgclawfirm.com

Attorneys for Plaintiff