UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PROGRESSIVE SELECT INSURANCE COMPANY,**

      **Plaintiff,**

v.                                                                                         Case No:    6:19-cv-566-Orl-37EJK

**PATRICK JAY RAFFERTY and
STEPHANIE ALEXANDRA SIMICH,**

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the undersigned, referred from the Court, on Plaintiff Progressive Select Insurance Company's Motion for Default Judgment ("the Motion") against Defendant Patrick Jay Rafferty. (Doc. 44.) For the reasons set forth below, I respectfully recommend that the Motion be granted.

**I.    BACKGROUND**

Plaintiff instituted this declaratory judgment action against Defendants to resolve an insurance coverage dispute between Defendant Simich and Plaintiff. (Doc. 1.) In the Complaint, Plaintiff alleges that it issued an automobile insurance policy (hereinafter the "Policy") to Donald Rafferty, the father of Defendant Rafferty, and listed the father's address. (Docs. 1, ¶ 8; 1-2 at 1.) The Policy allegedly provides coverage for "bodily injury for which an insured person becomes legally responsible because of an accident." (*Id.* ¶ 10.) Defendant Rafferty was alleged to not be listed as a driver or resident relative in the policy. (*Id.* ¶ 9.)

In November 2017, Defendant Simich and her boyfriend, Defendant Rafferty, were involved in a car accident (hereinafter the "Accident") that resulted in serious injuries to Defendant Simich. (*Id.* ¶ 11.) Defendant Rafferty was operating the car, which was owned by Defendant Simich at the time of the Accident. (*Id.*) Following the Accident, Defendant Simich made a demand for settlement on Plaintiff for damages under the Policy due to Defendant Rafferty's negligence. (*Id.* ¶ 12.) Plaintiff then instituted this declaratory judgment action to clarify whether Defendant Rafferty met the definition of an insured person under the Policy such that Plaintiff was required to indemnify Defendant Rafferty for damages claimed by Defendant Simich from the Accident. (*Id.* ¶¶ 13–15.)

Plaintiff served Defendant Rafferty while Defendant Simich executed a waiver of service. (Docs. 8, 11.) Defendant Rafferty failed to respond to the Complaint within 21 days of service; thus, a Clerk's default was entered against him. (Doc. 10.) Conversely, Defendant Simich answered the Complaint. (Doc. 12.)

The action proceeded between Plaintiff and Defendant Simich, and concluded on their cross Motions for Summary Judgment. (Docs. 29, 30.) The Court ruled in favor of Plaintiff (hereinafter the "Order"). (Doc. 42.) In doing so, the Court made the following factual findings: 1) the Policy covered Donald Rafferty's blood relatives residing in his household (*Id.* at 2); and 2) Defendant Rafferty was not residing with his father, Donald Rafferty at the time of the Accident (*Id.* at 8–9). Following the entry of the Order, Plaintiff filed the instant Motion. (Doc. 44.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Afterwards, a court may enter a default judgment against the party. Fed. R. Civ. P. 55(b). "Entry of default

judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Eleventh Circuit has interpreted "a sufficient basis" as "being akin to . . . survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In addition to stating a plausible claim for relief, the movant must ensure that the court has jurisdiction over the parties. *Schwartz v. Fontana*, Case No. 8:16-cv-914-T-30AAS, 2016 WL 4272213, at *2 (M.D. Fla. Aug. 15, 2016). "All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted." *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III.  DISCUSSION

#### A.  Adequacy of Service and Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendant Rafferty. Federal Rule of Civil Procedure 4(e) provides that service on an individual may be perfected by giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode." The Affidavit of Service for Defendant provides that the service processor left a copy of the summons and Complaint with Defendant Stephanie Alexandria Simich at 1366 Centre Court

Ridge Drive, Unit 303, Reunion, Florida 34747-5270. (Doc. 9.) The service processor indicated that Stephanie Alexandria Simich is both Defendant Rafferty's girlfriend and co-resident and is 32 years old. (*Id.*) Based on the foregoing, the Court finds that Plaintiff perfected service of process on Defendant Rafferty pursuant to Rule 4(e).

Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. . . ." In addition to adequate service of process, the party moving for default judgment must demonstrate that a court has jurisdiction over the parties. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-cv-1054-Orl-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court must assure itself of jurisdiction over the action and the parties."). This requires a showing that "a defendant is within the substantive reach of a forum's jurisdiction under applicable law." *Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003).

In the Complaint, Plaintiff alleges that Defendant Rafferty is a citizen of the State of Florida. (Doc. 1, ¶ 4.) The undersigned finds that there is personal jurisdiction over Defendant Rafferty because he is a citizen of the state of Florida, and thus subject to suit in Florida.

**B.  Venue**

Plaintiff alleges that venue is appropriate in the Middle District of Florida because both Defendants reside in this District, "the insurance policy at issue was entered into in this [D]istrict, and the events giving rise to the insurance claim at issue occurred in this [D]istrict." (Doc. 1, ¶ 7.)

The address listed in the Policy is in Reunion, Florida. (Doc. 1-2 at 1.) Further, the accident occurred in Osceola County, Florida. (Doc. 1, ¶ 11 ("at or near World Drive and U.S. Highway 192" Defendant's vehicle "left the roadway, entered into the grassy median area, and struck a sign").) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." It is evident that Defendant Rafferty and the events giving rise to this action occurred in one of the counties served by the Orlando Division of the U.S. District Court for the Middle District of Florida. As such, the undersigned finds that venue is appropriate.

### C. Subject Matter Jurisdiction

Plaintiff alleges that there is diversity subject matter jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. (Doc. 1, ¶ 6.) Federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and the defendants and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). In order to achieve "complete diversity," no party plaintiff may be a citizen of the same state as any of the defendants. *Id.*

Plaintiff is a corporation organized under the laws of Ohio and has a principal place of business in Ohio. (Doc. 1, ¶ 3.) As such, Plaintiff is a citizen of Ohio. 28 U.S.C. § 1332(c)(1) (providing that a corporation's citizenship is determined by its state of incorporation *and* the state where it maintains its principal place of business). Because Defendants are both citizens of Florida (Doc. 1, ¶¶ 4–5), there is complete diversity. As Plaintiff has alleged that the amount in question exceeds $75,000 and there is complete diversity, the undersigned finds that Plaintiff has

demonstrated that the Court has subject matter jurisdiction over this action.

### D. Entitlement to Declaratory Judgment

The undersigned finds that Plaintiff is entitled to a declaratory judgment. The Declaratory Judgment Act provides that "in cases of actual controversy" a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" 28 U.S.C. § 2201 (2018). A party seeking a declaratory judgment must show "'(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.'" *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1997) (quoting *U.S. Fire Ins. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir. 1991)).

Here, the allegations in the Complaint provide a basis for Plaintiff's entitlement to a declaratory judgment. Plaintiff was allegedly threatened with a loss of funds when Defendant Simich made a settlement demand for damages pursuant to the Policy. (Doc. 1, ¶ 12.) A declaratory judgment establishing that the Policy does not require Plaintiff to indemnify Defendant Rafferty for Defendant Simich's damages would eliminate the threat of loss funds.

Moreover, the Court has already determined that Defendant Rafferty was not an insured person under the Policy and, therefore, it is not required to pay for Defendant Simich's damages. (Doc. 42.) Further, by way of default, Defendant Raffety admits to all the allegations in the Complaint. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir.2006) ( "'a default is an admission of all well-pleaded allegations against the defaulting party'"). Accordingly, I recommend that the Court find that an entry of default judgment against Defendant Rafferty is warranted.

**IV. RECOMMEDATION**

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Motion (Doc. 44);

2. **ENTER** a default judgment against Defendant Rafferty;

3. **DECLARE** that:

    a. The Policy does not provide bodily injury liability coverage to Defendant Rafferty as a result of the Accident;

    b. Plaintiff has no duty to indemnify Defendant Rafferty for any damages being claimed by Defendant Simich; and

    c. Should a lawsuit by brought by Defendant Simich for her damages as a result of the accident, Plaintiff has no duty to defend Defendant Rafferty in that lawsuit.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1. **If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on January 29, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties